UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

THEODORE P. DANES,

                         **Plaintiff,**

    v.                                                             Case No. 04-C-594

**SENIOR RESIDENTIAL
CARE OF AMERICA, INC.**

                         **Defendant.**

_____

### ORDER ON THE DEFENDANT'S MOTION TO COMPEL AND THE PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEYS FEES

_____

On October 7, 2005, Senior Residential Care of America, Inc. ("Senior Residential") filed a motion to compel discovery and certain authorizations relevant to the plaintiff's damages, pursuant to Civil Local Rule 7.4. As grounds, Senior Residential submits that it served the plaintiff, Theodore P. Danes ("Danes"), with its first set of interrogatories and requests for production of documents on August 11, 2005. The requests for signed medical, tax, and employment authorizations were served the same day. Danes refuses to respond to Senior Residential's discovery and authorization requests, claiming that the requests were untimely. In addition, Danes asks that the court award reasonable attorneys fees and costs that he incurred due to Senior Residential's motion. Both the motion to compel and the request for sanctions will now be addressed.

**MOTION TO COMPEL**

The parties were to complete all discovery in this case no later than August 19, 2005. That deadline was established several months ago, when the court granted Danes' second motion to extend the discovery deadline but awarded Senior Residential the attorney fees and costs incurred because discovery was not completed on schedule. (Order June 28, 2005.). Senior Residential argues that Danes should be required to respond to its discovery requests, despite that they were not served until eight days prior to the close of discovery. In support of this claim, Senior Residential says (1) that Danes did not complete his discovery efforts until August 10, 2005; (2) that its discovery requests are not unduly burdensome; and (3) that its discovery was prompted by Danes' "long overdue taking of depositions."

The court cannot discern any connection between Senior Residential's requests and the timing of Danes' discovery efforts. Senior Residential's interrogatories seek very basic information regarding Danes' damages. For example, Senior Residential requests a description of Danes' claimed pain and suffering, the amount of medical expense Danes attributes to its claims against Senior Residential, the benefits that Danes claims he would have received if Senior Residential did not terminate his employment, and the extent of Danes' employment and employment efforts after his termination. (Mack Aff. Ex. A.). Senior Residential also requests information about Danes background, previous insurance claims, bankruptcy filings, child support obligations, and previous sexual harassment claims. Senior Residential's requests for production similarly seek documents relevant to Danes' damages—namely, Danes' tax returns, wage stubs, payroll checks, and other documents relevant to the interrogatories.

All of these preliminary discovery requests could have been made by the defendant long ago. Danes' complaint alerts Senior Residential that he is seeking damages "in the form of

2

humiliation, pain and suffering, emotional distress, loss of wages and other employment benefits." (Compl. at ¶¶ 20, 23.). Danes' complaint was served on Senior Residential on July 13, 2004, and Senior Residential says that it deposed Danes in December of last year. Accordingly, the court is not persuaded that Senior Residential had good cause to wait until just before the close of the twice-extended deadline to save these particular discovery requests.

Moreover, the Federal Rules of Civil Procedure, as well as the local rules of this district, require that parties have thirty days to respond to interrogatories and requests for production. FED. R. CIV. P. 33(b)(3) and 34(b); CIV. L.R. 26.2 ("discovery . . . must be scheduled to allow depositions to be completed, interrogatories and requests for admissions to be answered, and documents to be produced prior to the deadline and *in accordance with the provisions of the Federal Rules of Civil Procedure*.")(emphasis added). Based on the foregoing, the court will deny Senior Residential's motion to compel discovery.

However, the court views the medical, tax, and employment authorizations that Senior Residential requested different from the discovery requests. The authorizations were prepared by Senior Residential and require Danes' signature only. Even though the authorizations are the key to uncovering related discovery, they are not in the same category as "discovery documents," i.e. "writings, drawings, graphs, charts, photographs, phone records and other data compilations from which information can be obtained. . . ." Rule 34(a), Fed. R. Civ. P. Once the authorizations are signed and returned, Senior Residential still has the burden of obtaining the information covered by the authorizations. Moreover, as plaintiff, Danes must prove his damages. This means that Danes has prior notice that the information contained in his records will be at issue in this case, and the court finds no prejudice to Danes caused by the timing of Senior Residential's request. For both of these reasons, the motion to compel will be granted with respect to the authorizations.

3

## REQUEST FOR ATTORNEYS FEES AND COSTS

Danes cites Federal Rules of Civil Procedure 33(b)(3) and 34(b) as the authority for his position that Senior Residential's discovery requests were untimely and that sanctions are appropriate in this case. Danes alerted Senior Residential to his position in a letter dated August 31, 2005, several months before Senior Residential filed the instant motion to compel. (Mack Aff. Ex. D.). While Senior Residential argues that case law from other district courts cited as additional support in Danes' letter is not binding on this court, Senior Residential fails to address why it should not be bound by the applicable Federal Rules and Civil Local Rule 26.2. Moreover, as Danes points out in his response brief, Senior Residential's position ignores binding Seventh Circuit precedent, such as Laborers Pension Fund v. Blackmore Sewer Const., Inc., 298 F.3d 600, 605 (7th Cir. 2002). Because Danes incurred expense in responding to Senior Residential's motion to compel discovery, and Senior Residential was previously alerted to the fact that its position is contrary to the governing law, the court will grant Danes' request for attorneys fees and costs in this regard. To the extent that Danes' request for fees and sanctions is based on the motion to compel authorizations, the request will be denied.

For all of the reasons discussed, the court now enters the following orders on Senior Residential's motion to compel and Danes' request for sanctions:

**IT IS THEREFORE ORDERED** that the motion to compel is **denied in part** and **granted in part.** Danes need not respond to Senior Residential's first set of interrogatories and requests for production but shall supply Senior Residential with the signed authorizations forthwith.

**IT IS FURTHER ORDERED** that Danes' request for attorneys fees and costs is **denied in part** and **granted in part** as set forth herein. Danes shall file a petition for attorneys fees and

4

costs that were incurred in responding to Senior Residential's motion to compel response to its first set of interrogatories and requests for production no later than **November 14, 2005.** Senior Residential shall respond to Danes' petition no later than **November 21, 2005.**

Dated at Milwaukee, Wisconsin, this <u>4th</u> day of November, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge

5

Case 2:04-cv-00594-AEG   Filed 11/04/05   Page 5 of 5   Document 77