# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THEODORE P. DANES**,

        Plaintiff,

v.                                  **Case No. 04-C-594**

**SENIOR RESIDENTIAL CARE OF AMERICA, INC.,**

        Defendant.

## ORDER ON THE PARTIES' MOTIONS IN LIMINE

A jury trial is scheduled to commence in this matter on January 8, 2007 at 9:00 A.M. In anticipation of trial, the parties have filed various motions in limine.

The defendant seeks (1) to preclude the introduction of any alleged threats made by Dawn Sebert against Theodore Danes that were not carried out; (2) to preclude the introduction of evidence relating to Sebert's former marriages or dating relationships; (3) to preclude introduction of evidence relating to Sebert's prior claim that she was the victim of sexual harassment; (4) to preclude evidence that Sebert previously dated a maintenance man who was then laid off or that Sebert has fired other employees with whom she has personality conflicts; (5) to preclude evidence relating to the finances of the defendant; (6) to preclude evidence relating to the EEOC's investigation of Danes' sexual harassment claim (Docket No. 111); and (7) to preclude the testimony of Richard Delamatter (Docket No. 120). Additionally, the defendant argues that the plaintiff should be precluded from seeking punitive damages because he failed to include punitive damages in his itemized damage list provided to the defendants on August 11, 2006.

The plaintiff seeks to exclude exhibits 1000-02, 1006-09, 1016, 1025-26, 1030-31. (Docket No. 122.)

At the pretrial conference the parties agreed that the defendant shall not reference any criminal record regarding Danes and similarly Danes shall not refer to the criminal records of Sebert or Kallas.

**DEFENDANT'S MOTIONS**

**Previous Threats**

The defendant argues that evidence that Sebert previously made certain threats to Danes that went unfulfilled is not relevant to Danes' claim of quid pro quo sexual harassment.

Although the court agrees that evidence of such "unfulfilled" threats is ordinarily most relevant to hostile work environment claims, under the facts of this case, such evidence is relevant to the plaintiff's quid pro quo claim and not likely to unfairly prejudice the defendant, create confusion, or to be a waste of time. Therefore, the defendant's motion shall be denied.

**Previous Relationships**

The defendant argues that the fact that Sebert was married four times and involved in numerous other relationships is not relevant to the issues in this case. Additionally, the defendant argues that if such evidence were admitted, it would require the defendant to produce evidence relating to the specific reason why each marriage or relationship failed and such evidence would unnecessarily waste the court's time.

The court believes the fact that Sebert was married four times and involved in various allegedly unsuccessful relationships fails to meet the Rule 401 Fed. R. Evid. definition of relevant evidence and therefore shall be excluded. Pursuit of these marriages and relationships is of little probative value and would unnecessarily distract the jury from the issue at hand. However, evidence of Sebert's marital status at the times at issue shall be admissible.

**Sebert's Prior Claim of Sexual Harassment**

In 1998, Sebert was the alleged victim of sexual harassment. The defendant seeks to preclude evidence relating to this alleged victimization because it bears no relevance to the issues of this case.

The court agrees with the defendant, and thus such evidence shall be precluded pursuant to Rule 402, Fed. R. Evid.

**Dating Maintenance Man; Sebert's Personality Conflicts**

The defendant argues that evidence that Sebert allegedly dated a maintenance man employed by Senior Residential Care and subsequently terminated this employee because the relationship ended should be excluded because it is based on nothing more than rumors, speculation, and conjecture.

The plaintiff seeks to offer the testimony of an employee of the defendant who purports to have personal knowledge of Sebert's relationship with a Senior Residential Care maintenance man. Plaintiff responds that "to the extent" such evidence is based upon personal knowledge, it is not hearsay. The plaintiff additionally argues that this information is relevant pursuant to Rule 404(b), Fed. R. Evid.

Based upon the deposition excerpts provided by the defendant, and the plaintiff's reply to the motion, the court is not satisfied that the witness' testimony is based upon personal knowledge. This testimony therefore fails to satisfy Rule 602. Again, pursuit of such evidence would result in a "mini-trial" of another relationship and unnecessarily sidetrack the presentation of this case. Thus, the defendant's motion to preclude this evidence shall be granted.

**Evidence Relating to the Finances of Defendant/Punitive Damages**

The defendant argues that evidence regarding the financial worth of the defendant as set forth in exhibits 10-13 is irrelevant because the plaintiff does not seek punitive damages in this

3

case. The defendant has no objection to the introduction of certain financial information for the limited purpose of showing that revenue from rents increased 31.2% during 2003 while the plaintiff was employed by the defendant.

In addition to arguing that punitive damages should be permitted in this case, the plaintiff argues that evidence of the defendant's financial status is relevant because it indicates a lack of truthfulness on the part of the defendant.

The defendant argues that the plaintiff should be limited to recovering the damages set forth in the Rule 26(a)(1) disclosure, filed August 11, 2006, which did not list punitive damages. On December 22, 2006, plaintiff filed a second supplemental Rule 26(a)(1) disclosure which seeks punitive damages.

On August 2, 2006, this court conducted a scheduling conference and ordered that the plaintiff supplement his Rule 26(a) disclosure regarding damages no later than August 11, 2006. On August 11, 2006, the plaintiff submitted to the defendant an itemized list of damages seeking back-pay, attorney's fees and costs, and compensatory damages. Counsel for the defendant contacted counsel for the plaintiff to confirm that the plaintiff was not seeking punitive damages. Defense counsel confirmed this telephone conversation with a letter dated August 17, 2006.

In light of the fact that the plaintiff repeatedly stated that he was not pursing punitive damages, the court believes it would be unfairly prejudicial to permit the plaintiff to now amend his Rule 26(a) disclosure to add punitive damages. The defendant conducted this litigation relying upon the plaintiff's repeated representations. Although the plaintiff did indicate in his complaint that he intended to pursue punitive damages, that claim was waived as a result of the plaintiff's failure to claim such damages in his Rule 26(a) disclosures and by affirmatively stating that he was not pursuing such damages. If parties are unable to rely on Rule 26(a) disclosures, such procedures are

meaningless. Therefore, the plaintiff shall be limited to pursuing damages claimed in the August 11, 2006 disclosure.

In light of the fact that any claim for punitive damages will be excluded, evidence relating to the finances of the defendant is not relevant and therefore shall be precluded pursuant to Rule 402. Although the plaintiff argues that certain financial records contain misrepresentations and thus are probative of the truthfulness of the defendant, the court believes that any probative value of such evidence is outweighed by the danger of confusion of the issues or may unfairly prejudice the defendant. The defendant's motion to preclude evidence relating to punitive damages and the finances of the defendant shall be granted.

**EEOC Investigation**

The defendant seeks to preclude evidence relating to the manner in which the EEOC conducted its investigation. The plaintiff argues that one of its witnesses, Andrea Crawford, has personal knowledge of the manner in which the EEOC conducted its investigation and such evidence relates to the defendant's credibility and to the issue of punitive damages. In other words, the plaintiff is alleging that the defendant engaged in a cover-up to hinder the EEOC's investigatory efforts.

In addition to appearing to be mere speculation on the plaintiff's part, the court does not regard evidence relating to the manner in which the EEOC conducted its investigation relevant. Therefore, any such evidence shall be excluded pursuant to Rule 402, Fed. R. Evid. The defendant's motion will be granted.

**Testimony of Richard Delamatter**

In his final pretrial report, the plaintiff lists Richard Delamatter as a potential witness. The defendant moves to exclude Delamatter because the plaintiff failed to identify Delamatter as a potential witness prior to the filing of his final pre-trial report. The defendant argues that the

5

plaintiff's failure to disclose Delamatter's name in his original or supplemental Rule 26(a)(1) disclosure warrants exclusion.

The plaintiff argues that Delamatter was disclosed in discovery as a person who may have discoverable information in that the plaintiff stated at two points in his deposition that he talked to Delamatter "to a limited degree" regarding the pressure the plaintiff was under at work. Additionally, the plaintiff argues that the failure to amend the Rule 26(a)(1) disclosures was harmless because the defendant was aware that Delamatter had knowledge relating to this case. Finally, the plaintiff argues that the failure to identify Delamatter as a witness was inadvertent and excluding the testimony would be unduly harsh.

Merely making a passing reference to a potential witness in a deposition is insufficient to comply with the Rule 26's disclosure requirements. Permitting Delamatter to testify would likely be prejudicial to the defendant because the defendant has not had the opportunity to take his deposition to learn the extent of his personal knowledge. Parenthetically, based on the deposition excerpts submitted, it appears that any knowledge Delamatter possessed, he learned from the plaintiff. Therefore, the defendant's motion to exclude Delamatter as a witness shall be granted.

## PLAINTIFF'S MOTIONS

The plaintiff challenges the admissibility of certain exhibits listed on the defendant's exhibit list, submitted as part of the defendant's pretrial report and docketed as number 109-3.

**Exhibits 1000-02**

Exhibit numbers 1000-02 are identified as "Happy Birthday card," "Happy Anniversary card" and "Valentine," respectively. The plaintiff argues that these documents are irrelevant and a waste of time because the existence of a dating relationship is not in dispute. However, the plaintiff concedes that the length of the relationship is in dispute.

6

In view of the fact that the timing and length of the relationship is central to this case and the fact that the cards may bear some relevance to that disputed fact, the three exhibits have probative value. However, the plaintiff argues that he was not made aware of the existence of a Valentine's Day card until the defendant filed its final pretrial report. As part of its supplemental Rule 26(a) disclosures dated October 5, 2006, the defendant only listed "Birthday and Anniversary cards to Sebert from Danes." Thus, the plaintiff argues that permitting the defendant to use a Valentine's Day card at trial would constitute unfair surprise to the plaintiff.

A Valentine's Day card is not a birthday or anniversary card. Only the latter two were disclosed in the supplemental Rule 26(a) disclosure by the defendant. As stated by the court in its decision on the motion for summary judgment, the date when the relationship between the parties ended is central to a determination of the plaintiff's sexual harassment claim. Knowing this, and if the Valentine's Day card sheds light on this determination, it was incumbent upon the defendant to disclose it in advance.

The defendant's failure to comply with Rule 26(a) is not a minor technical violation; it creates a sufficient potential for prejudice to the plaintiff. The fact that plaintiff may have given the card to Sebert and was thus aware of it, as defendant argues, is not the same as being placed on notice that the card will be part of the defense presentation at trial. In fact, the defendant's failure to disclose has the opposite effect of giving the plaintiff the impression that this evidence will not be used at trial. Therefore, the plaintiff's motion in limine shall be granted as to exhibit 1002, but denied as to exhibits 1000 and 1001.

**Exhibit 1016**

Exhibit 1016 is labeled "EEOC 'Dismissal and Notice of Rights' dated 3/22/04." The plaintiff argues that the probative value of this document is outweighed by the risk of prejudice and

therefore should be excluded pursuant to Rule 403. Alternatively, the plaintiff argues that the document should be excluded as hearsay pursuant to Rule 802.

The defendant points to <u>Chandler v. Roudebush</u>, 425 U.S. 840, 863 n. 39 (1976), for the proposition that administrative findings regarding claims of discrimination are admissible under Rule 803(8)(C). Additionally, the defendant argues that there is no undue prejudice because the EEOC is a neutral entity.

Although the court agrees that the report is not hearsay, nonetheless, the court concludes that the probative value of the report is outweighed by the potential for prejudice. Furthermore, if the court were to permit this document in evidence, it would be necessary to reconsider its decision to exclude the EEOC investigation, which predated its conclusions. Therefore, the plaintiff's motion in limine shall be granted.

**Exhibits 1006-09, 1025-26**

Exhibits 1006-09 refer to photographs. Exhibit 1025 is identified as "Poem 'It Dawned on Me.'" Exhibit 1026 is identified as "Same Day Music Invoice dated 10/2/03." Plaintiff argues that these exhibits were never previously disclosed despite the plaintiff's request for such items.

The defendant argues that the plaintiff requested only documents in the possession of the defendant. The documents now at issue are all documents in the possession of Sebert and therefore not subject to a discovery request.

Rule 26(a)(1)(B) requires parties to disclose documents in the possession, custody, or control of the party. Although arguably the documents were within the possession of Sebert personally as opposed to Senior Residential Care, Sebert is not a mere employee. Sebert is a high-level manager of the defendant. Additionally, Sebert is not merely tangential to this litigation. It is her conduct that is central to this litigation. Holding that disclosure of this information was not required would contravene the rationale underlying Rule 26. Discovery is designed to prevent

8

surprise and to permit the parties to prepare for trial in an orderly fashion. Disclosure of these documents at this late date may well require the plaintiff to scramble to prepare an explanation or rebuttal for these documents. Besides, the defendant cannot pick and choose which documents regarding the relationship it wishes to disclose. If the birthday and anniversary cards were appropriate for Rule 26(a) disclosures, no less transparent treatment should be accorded these exhibits.

Under the facts of this case where Sebert was intimately associated with this litigation and the defendant company, in that she remained the defendant's management-level employee, the court believes that these documents were within the control of the defendant. Therefore, the defendants should have disclosed the evidence it intended to rely upon at trial and thus, the plaintiff's motion in limine shall be granted.

**Exhibits 1030-31**

Exhibits 1030-31 are financial documents of the defendant. The defendant states that it intends to admit these documents to rebut what it anticipates to be the plaintiff's argument that the defendant's revenue increased through the work of the plaintiff. Although the defendant does not argue that the plaintiff was fired because of poor performance, the defendant nonetheless believes that it may be necessary to rebut the plaintiff's claim that revenues increased because of his job performance.

As is the case with exhibits 1006-09 and 1025-26, the plaintiff claims these documents were never disclosed until the defendant filed its pretrial report. However, unlike exhibits 1006-09 and 1025-26, exhibits 1030 and 1031 were in the direct possession of the defendant and subject to an explicit discovery request for financial documents. In failing to timely produce these documents, the defendant failed to comply with Rule 26. The plaintiff has long claimed that revenues increased while he was employed by the defendant and it would contravene the rationale of Rule 26 to permit

9

the defendant to withhold until immediately before trial evidence that may rebut the plaintiff's claim. Therefore, the plaintiff's motion shall be granted.

**IT IS THEREFORE ORDERED** that the defendant's motion to preclude the introduction of any alleged threats made by Dawn Sebert against Theodore Danes that were not carried out is **denied**.

**IT IS FURTHER ORDERED** that the defendant's motion to preclude the introduction of evidence relating to Sebert's former marriages or dating relationships is **granted**.

**IT IS FURTHER ORDERED** that the defendant's motion to preclude introduction of evidence relating to Sebert's prior claim that she was the victim of sexual harassment is **granted**.

**IT IS FURTHER ORDERED** that the defendant's motion to preclude evidence that Sebert previously dated a maintenance man who was then laid off or that Sebert has fired other employees with whom she has personality conflicts is **granted**.

**IT IS FURTHER ORDERED** that the defendant's motion to preclude evidence relating to punitive damages and the finances of the defendant is **granted**.

**IT IS FURTHER ORDERED** that the defendant's motion to preclude evidence relating to the EEOC's investigation of Danes' sexual harassment claim is **granted**.

**IT IS FURTHER ORDERED** that the defendant's motion to preclude the testimony of Richard Delamatter is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude exhibits **1000-01** is **denied**, but **granted** as to exhibit **1002**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude exhibits 1006-09 is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude exhibit 1016 is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude exhibits 1025-26 is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to preclude exhibits 1030-31 is **granted.**

Dated at Milwaukee, Wisconsin this <u>4th</u> day of January, 2007.

<u>s/AARON E. GOODSTEIN</u><br>
U.S. Magistrate Judge