# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THEODORE P. DANES,

        Plaintiff,

v.                                                           **Case No. 04-C-594**

**SENIOR RESIDENTIAL CARE
OF AMERICA, INC.,**

        Defendant.

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER

        A jury trial is scheduled to commence in this matter on January 8, 2007 at 9:00 A.M. On January 4, 2007, this court issued its order on the parties' numerous motions in limine. The plaintiff has now filed an emergency motion asking that the court reconsider that portion of its order precluding the plaintiff from pursuing punitive damages at trial.

        The plaintiff basically restates his original arguments in opposition to the defendant's motion to preclude such damages. The plaintiff indicates that the defendant has known all along that punitive damages were part of this litigation, and that the significance of plaintiff's supplemental Rule 26(a) disclosure was simply to facilitate settlement discussions.

        There is no doubt that the plaintiff's complaint and his initial Rule 26(a) disclosure mentioned punitive damages. The purpose of the Rule 26(a)(1)(C) disclosure regarding damages is to provide the opposing party with a "computation of any category of damages claimed by the disclosing party . . ." However, the plaintiff's initial Rule 26(a) disclosure simply listed the categories of damages claimed, stating that computations had not as yet been done. Of course, at the initial stages of litigation, such computations are not always available. This is one reason why Rule 26(e) requires a party who has made disclosures to supplement them at appropriate intervals.

One of these intervals occurred during the court's pretrial conference conducted on August 2, 2006. This conference followed the court's decision on the motion for summary judgment and it was time to establish a date for trial. It was also time for the plaintiff to specify the extent of the damages he claimed, since such computations had not been previously disclosed. The court thus ordered the plaintiff to supplement his Rule 26(a) disclosures with regard to damages. In view of the fact that the defendant would now be receiving a more specific statement regarding the damages claimed by plaintiff, and since a trial date had been established, the court suggested that the parties engage in settlement discussions, at least to the extent that they exchange a demand and offer.

In the opinion of the court, supplementing the Rule 26(a) disclosure and making a settlement demand are discrete actions, each serving a particular purpose. The former puts the defendant on notice as to the damages the plaintiff will seek if the matter proceeds to trial; the latter advises the defendant of what the plaintiff is willing to accept in settlement. The latter is often a compromised or reduced amount, but the defendant is entitled to rely on the former in preparing for trial. And in this case, the plaintiff advised the defendant with his supplemental Rule 26(a) disclosure that if the matter proceeds to trial, punitive damages are not being sought. Defense counsel confirmed this in both a telephone conversation and subsequent letter to plaintiff's attorney. It was only after the settlement discussions collapsed and the plaintiff was preparing his final pretrial report did he submit a second supplemental Rule 26(a) disclosure, reinserting a demand for punitive damages.

As the court stated in its order, the plaintiff's action constitutes a waiver of punitive damages. There is nothing to reconsider. Accordingly, plaintiff's motion to reconsider is **denied.**

In regard to another matter that was the subject of the final pretrial conference, the plaintiff has advised the defendant of his objection to the authenticity of exhibits 1003, 1004 (both medical records) and 1011 (cell phone records). This is in accordance with the procedure established at the

2

conference, in which the court allowed the parties to notify opposing counsel by January 4, 2007 of authenticity objections to any exhibits not previously provided for inspection.  At that conference, plaintiff's counsel listed a number of defendant's exhibits which she had not seen, but the three which are the subject of the present authenticity objections were not mentioned.

Nevertheless, in regard to exhibit 1011, counsel for the defendant states that a witness will be present to authenticate this exhibit pursuant to Rule 803(6) Fed.R.Evid.  Exhibits 1003 and 1004 also fall under Rule 803(6), which provides that such records can be alternatively authenticated by means of a notice pursuant to Rule 902(11).  Defendant's attorney says this was done by letter dated October 24, 2006 to plaintiff's attorney.  The foregoing appears to satisfy the objections regarding authenticity.

SO ORDERED.

Dated at Milwaukee, Wisconsin, this 5th day of January, 2007.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE